## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHANDLER MOORE and MOWORKS LLC,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:25-cv-5635 |
| v. | ) | |
| | ) | |
| **NORMAN GYAMFI, INSIGNIA HOLDING COMPANY, INSIGNIA ASSETS, LLC, TRIBL PUBLISHING INC., TRIBL RECORDS, LLC, MAVERICK CITY MUSIC, INC., And MAVERICK CITY MUSIC PUBLISHING, LLC,** | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| **MAVERICK CITY MUSIC, INC. and MAVERICK CITY PUBLISHING, LLC,** | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CHANDLER MOORE,** | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| ———————————————— | ) | |

|                                      |   |
|--------------------------------------|---|
|                                      | ) |
| **TRIBL MUSIC GROUP, LLC,**          | ) |
|                                      | ) |
| Intervenor,                          | ) |
|                                      | ) |
| v.                                   | ) |
|                                      | ) |
| **CHANDLER MOORE and**               | ) |
| **MOWORKS LLC,**                     | ) |
|                                      | ) |
| Counter-Defendants.                  | ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TRIBL MUSIC GROUP, LLC'S FOR INTERVENTION

# <u>TABLE OF CONTENTS</u>

**Pages**

INITIAL STATEMENT ...................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ...............................................2

ARGUMENT ..........................................................................4

    A.    Tribl Music Group Satisfies All Factors for Mandatory Intervention ..................................................................4

        i.    Tribl Music Group's Application to Intervene is Timely ...........5

        ii.    Tribl Music Group Has an Interest in the Deal Memo Which is the Subject of the Action .............................................7

        iii.    Absent Intervention, Disposition of the Action Would Impede Tribl Music Group's Ability to Protect Its Interest ...................................................................8

        iv.    Tribl Music Group's Interests Are Not Currently Adequately Protected By Defendants .........................................9

    B.    In the Alternative, Tribl Music Group Should Be Allowed Permissive Intervention Under Fed. R. Civ. P. 24(b)(3)....................11

CONCLUSION ........................................................................13

CERTIFICATE OF COMPLIANCE .........................................................14

CERTIFICATE OF SERVICE ............................................................15

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Am. Family Ins. Co.*,
    No. 5:15-CV-475 (MTT), 2016 U.S. Dist. LEXIS 84186 (M.D. Ga.
    June 29, 2016)........................................................................................11

*Carter v. Porsche Cars N. Am.., Inc.*,
    No. 1:19-cv-5508-MLB, 2021 U.S. Dist. LEXIS 253046, 2021 WL
    6805718 (N.D. Ga. June 25, 2021).......................................................7

*CMFG Life Ins. Co. v. Harrison*,
    No. CV415-287, 2016 U.S. Dist. LEXIS 149716 (S.D. Ga. Oct. 27,
    2016) ......................................................................................................5

*Davis v. Butts*,
    290 F.3d 1297 (11th Cir. 2002) ............................................................4

*Diamond v. Charles*,
    476 U.S. 54 (1986)...............................................................................11

*Diaz v. S. Drilling Corp.*,
    427 F.2d 1118 (5th Cir. 1970) ..............................................................5

*Hoefling v. City of Miami*,
    811 F.3d 1271 (11th Cir. 2016) ............................................................8

*Laube v. Campbell*,
    215 F.R.D. 655 (N.D. Ala. 2003) .......................................................11

*Ohio Sec. Ins. Co.*, No. CV 114-125, 2015 U.S. Dist. LEXIS 39541,
    2015 WL 1419341  (S.D. Ga. Mar. 27, 2015)......................................5

*Pak-Tec, Inc. v. Imaje Ink Jet Printing Corp.*,
    No. 1:03-CV-1249-TWT, 2005 U.S. Dist. LEXIS 57849, 2005 WL
    8154327 (N.D. Ga. Oct. 21, 2005) .....................................................10

*Plaza Props., Ltd. v. Prime Bus. Invs., Inc.*,
    240 Ga. App. 639, 524 S.E.2d 306 (Ga. App. 1999)..........................................11

*Purcell v. BankAtlantic Fin. Corp.*,
    85 F.3d 1508 (11th Cir. 1996) .............................................................................4

*Ralls Corp. v. Huerfano River Wind, LLC*,
    27 F. Supp. 3d 1303 (N.D. Ga. 2014).................................................................10

*SEC v. Price*,
    No. 1:12-cv-2296-TCB, 2014 U.S. Dist. LEXIS 188560 (N.D. Ga.
    May 12, 2014).................................................................................................9, 10

**Statutes**

O.C.G.A. § 9-2-20(a) .....................................................................................................7

**Rules**

Fed. R. Civ. P. 24(b)(3)........................................................................................11, 12

Tribl Music Group, LLC ("Tribl Music Group") files this *Memorandum of Law in Support of Motion to Intervene* seeking the right to intervene in the above-captioned lawsuit and file the attached *Complaint in Intervention* against Plaintiffs Chandler Moore ("Moore") and MoWorks LLC (together with Moore, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 24.

Tribl Music Group, not Defendants, is the correct party to the contract at issue in the underlying litigation, and its rights under that contract have been placed at risk by the relief that Plaintiffs improperly seek through their claims. Further, as outlined in the concurrently filed Motion for Temporary Restraining Order and Preliminary Injunction, *inter alia,* immediate intervention is necessary to prevent irreparable harm to Tribl Music Group.

## INITIAL STATEMENT

Plaintiffs filed this lawsuit seeking, in part, to invalidate and rescind a deal memo, dated April 18, 2024, entered into between MoWorks LLC f/s/o Chandler Moore and Tribl Music Group, LLC ("Deal Memo"). Despite the fact that Tribl Music Group was the sole counterparty to the Deal Memo, Plaintiffs inexplicably opted to name as defendants numerous non-parties to the Deal Memo: Mr. Norman Gyamfi, Insignia Holding Company, Insignia Assets, LLC, Tribl Publishing Inc., Tribl Records, LLC, Maverick City Music, Inc. and Maverick City Music Publishing, LLC ("Defendants"). Defendants' counsel brought this fundamental

1

error to Plaintiffs' counsel's attention by phone, and in their *Motion to Dismiss Counts I, II, IV, V, VII, and VIII*, yet Plaintiffs did not to amend their Complaint.

As a result, pursuant to Rule 24 of the Federal Rules of Civil Procedure, Tribl Music Group should be permitted to intervene as a matter of right, or, in the alternative, by permissive intervention, to protect its substantive rights.

## FACTUAL AND PROCEDURAL BACKGROUND

Tribl Music Group is a successful and well-known music company that works with and produces some of the best musicians and content throughout the inspirational genre. Tribl Music Group is affiliated with and provides services to other music and publishing entities in the gospel and inspirational genres, including Defendant Tribl Records, LLC, non-party Maverick City Music, LLC, and others.

On April 18, 2024, Tribl Music Group and MoWorks LLC f/s/o Chandler Moore entered into the Deal Memo, under which, among other things, Plaintiffs agreed to write, record, and perform music (the "Compositions") and "[a]ll recordings will be owned by Moore and **exclusively licensed to [Tribl Music Group] until seven (7) years following the later of: (i) the end of the Term and (ii) recoupment**" in exchange for certain royalties. (ECF No. 1, Ex. A (hereinafter, "Deal Memo"), at 3 of 12 (OWNERSHIP/LICENSE TERM)) (emphasis added). The Deal Memo inadvertently omitted the "LLC" from the name of "TRIBL MUSIC GROUP" when listing the parties thereto. Nonetheless, at the time of signing, all

2

parties understood TRIBL MUSIC GROUP to refer to "Tribl Music Group, LLC," as that was the sole entity operating by that name in connection with the subject matter of the Deal Memo. (Decl. of Erik J. Gaines, dated January 27, 2026 (hereinafter "Gaines Decl."), ¶ 8).

The Deal Memo provides that it is legally binding on the parties unless and until a longer, formal agreement is executed. (Deal Memo, at 6 of 12 (MISCELLANEOUS)). Tribl Music Group performed its obligations under the Deal Memo by advancing Moore substantial capital toward recording costs, touring, and guaranteed performance fees. (*See* Deal Memo, at 2-4 of 12 (RECORDING FUND/ARTIST ADVANCE; TOURING)). However, since entering into the Deal Memo, Moore has repeatedly breached his obligations by composing, recording, and performing songs in affiliation with non-party music publishers and recording labels, without the waiver, agreement, or permission of Tribl Music Group. In fact, Moore's breaching conduct (and threats of forthcoming breaches) remain ongoing through this litigation, including through the imminent release of music in violation of the Deal Memo. (*See* Gaines Decl. ¶ 12).

On October 10, 2025, Plaintiffs filed their Complaint in this action, but did not name Tribl Music Group. (*See* ECF No. 1). On November 11, 2025, Defendants filed a motion to dismiss noting that the Deal Memo was signed by Tribl Music Group and thus Tribl Music Group was the real party in interest. (*See* ECF No. 22

at 8-9; ECF No. 35 at 5-6). Plaintiffs have not since sought to join Tribl Music Group as a defendant.

## ARGUMENT

Tribl Music Group should be permitted to intervene either as a matter of right or permissively. As required by Federal Rule of Civil Procedure 24(c), Tribl Music Group attaches as Exhibit A its *Complaint in Intervention* outlining the meritorious claims for which intervention is sought.

### A. Tribl Music Group Satisfies All Factors for Mandatory Intervention

The Court must permit Tribl Music Group to intervene, as it satisfies all the factors for mandatory intervention. Under the Federal Rules of Civil Procedure, a party must be permitted to intervene as a matter of right upon a showing that (i) its application to intervene is timely; (ii) it has an interest relating to the property or transaction which is the subject of the action; (iii) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (iv) its interest is represented inadequately by the existing parties to the suit. *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the [application]." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996) (internal quotations omitted).

4

### i.    *Tribl Music Group's Application to Intervene is Timely*

Tribl Music Group's intervention is timely. There are four factors courts consider when evaluating timeliness: "(i) the length of time the proposed intervenor knew or reasonably should have known of his interest in the case before moving; (ii) the extent of any prejudice to the existing parties caused by the proposed intervenor's delay; (iii) the extent of any prejudice to the proposed intervenor if the motion is denied; and (iv) whether there are any "unusual circumstances" weighing for or against timeliness." *CMFG Life Ins. Co. v. Harrison*, No. CV415-287, 2016 U.S. Dist. LEXIS 149716, at *6 (S.D. Ga. Oct. 27, 2016); *see Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125-6 (5th Cir. 1970) (passage of a year after knowledge of suit not untimely under the circumstances, and citing cases allowing intervention after longer delays); *Ohio Sec. Ins. Co.*, No. CV 114-125, 2015 U.S. Dist. LEXIS 39541, 2015 WL 1419341 at *6 (S.D. Ga. Mar. 27, 2015) (finding "several month" delay did not make motion untimely).

*First,* Tribl Music Group's Motion to Intervene is timely given that it only learned on January 14, 2026 of Plaintiffs' impending plans to release a song outside Tribl Music Group's authorized distribution channels and without any label waiver or written consent. (*See* Gaines Decl. ¶ 12). And Tribl Music Group was not required to intervene prior to the Court's adjudication of Defendants' Motion to Dismiss.

5

*Second*, there is no prejudice, given the early stage of litigation. Adding an additional party does not change the current status of the *Motion to Dismiss* briefing or any other matters—whereby Plaintiffs brought claims allegedly arising under the Deal Memo against non-parties to the Deal Memo. Instead, immediate intervention is necessary to bring in the correct party, and because Tribl Music Group seeks a temporary restraining order to avoid Plaintiffs' planned future breaches of the Deal Memo. Additionally, to date, the only discovery which has been served by either party was served by Plaintiffs specifically, and only, *about* Tribl Music Group.

*Third*, the risk to Tribl Music Group, and the fair adjudication of this litigation on the merits, is high if it is not permitted to intervene. Tribl Music Group is the sole counter-party to the Deal Memo, and excluding it from this litigation that seeks to rescind the contract and nullify Tribl Music Group's bargained-for rights under that agreement is extremely prejudicial. Likewise, doing so risks inconsistent findings about the meaning of the Deal Memo's provisions and breaches thereof in the event that Tribl Music Group were forced to commence a new action to seek to enforce its rights under the Deal Memo and to seek damages for Plaintiffs' past and anticipated breaches of the agreement.

*Fourth*, there are no "unusual circumstances" which weigh against intervention. Rather, the circumstances weigh strongly in favor of intervention. Plaintiffs erroneously failed to name Tribl Music Group as a defendant in the first

6

instance—despite knowing that it was the sole counter-party on the Deal Memo. Although Tribl Music Group was hopeful that this issue could be resolved through Plaintiffs' cooperation and voluntary amendment, it became clear that Plaintiffs did not intend to do so when Plaintiffs' deadline to amend the Complaint as a matter of right following Defendants' *Motion to Dismiss* elapsed on December 4, 2025, without amendment. Tribl Music Group now seeks leave to intervene to protect its interests. Intervention is not sought with any delay or for any improper purpose, but merely to protect Tribl Music Group's interests in the Deal Memo.

Accordingly, Tribl Music Group's application to intervene is timely and satisfies the first required element for mandatory intervention.

### ii. *Tribl Music Group Has an Interest in the Deal Memo Which is the Subject of the Action*

Tribl Music Group should be added to ensure that its rights related to the Deal Memo are protected. Plaintiffs have named incorrect parties in violation of their statutory and common law obligations. O.C.G.A. § 9-2-20(a) ("[A]n action on contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it . . ."); *see also Carter v. Porsche Cars N. Am.., Inc.*, No. 1:19-cv-5508-MLB, 2021 U.S. Dist. LEXIS 253046, at *20, 2021 WL 6805718 (N.D. Ga. June 25, 2021) ("It is axiomatic that a person who is not a party to a contract is not bound by its terms.") (internal quotations omitted).

7

In their Complaint, Plaintiffs incorrectly allege that "Tribl Music <u>Publishing</u>, LLC" and "Tribl <u>Records</u>, LLC are counter-parties to the Deal Memo." (ECF No. 1 ¶ 60) (emphasis added). However, the plain language of the Deal Memo refutes this claim. The Deal Memo is between MoWorks LLC f/s/o Chandler Moore and Tribl Music Group:

> **DEAL MEMO**
>
> **Between MoWorks LLC f/s/o CHANDLER MOORE ("Moore") and TRIBL MUSIC GROUP ("TRIBL")**

(Deal Memo at 2 of 12). The Court may disregard the Plaintiffs' inaccurate allegations regarding the parties to the Deal Memo and rely on the terms of the Deal Memo itself. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls. The classic example is when a plaintiff attaches a document to his complaint but his allegations about what the document is or says contradict the document itself.") (internal citations omitted).

      iii.    *Absent Intervention, Disposition of the Action Would Impede Tribl Music Group's Ability to Protect Its Interest*

Plaintiffs' central desire is to rid themselves of their contractual obligations under the Deal Memo. They have requested the Court enter several orders impacting

8

Tribl Music Group's rights under the Deal Memo including breach of contract (Count I) and seeking equitable remedies related to the contract including rescission (Count VII) and an equitable accounting (Count VIII). If Tribl Music Group is not permitted to intervene in this action, it will be compelled to file a separate action. As outlined in the *Complaint in Intervention*, diversity jurisdiction exists and Tribl Music Group consents to this Court's jurisdiction over the dispute. Excluding Tribl Music Group from this case will result in multiple cases addressing the same contract, risking inconsistent findings regarding which parties breached and how, and appropriate remedies with other court(s) addressing the same contract.

Additionally, and importantly, Tribl Music Group possesses its own claims arising out of Plaintiffs' breaches of the Deal Memo. Those include time-sensitive requests for injunctive relief arising from Plaintiffs' breaches and anticipated breaches of the Deal Memo, including the forthcoming release of new music in violation of Tribl Music Group's exclusive license. Accordingly, Tribl Music Group has concurrently filed its Motion for Temporary Restraining Order seeking immediate judicial intervention to prevent irreparable harm.

        iv.    *Tribl Music Group's Interests Are Not Currently Adequately Protected By Defendants*

Tribl Music Group's interests are not adequately protected by the parties to the litigation. *See SEC v. Price*, No. 1:12-cv-2296-TCB, 2014 U.S. Dist. LEXIS 188560, at *9 (N.D. Ga. May 12, 2014) (existing party was not an adequate

9

representative for the intervenor's claims because they had competing interests in the outcome of the case). Like *Price*, the other Defendants have wholly different interests than Tribl Music Group: each disclaims an interest in the Deal Memo and do not, therefore, seek to protect Tribl Music Group's rights under the agreement. As a result, if Tribl Music Group is not permitted to intervene, this Court could reach holdings that adversely affect Tribl Music Group's interest (for example, the enforceability or meaning of the Deal Memo) while no party stands in its shoes to protect it. *See id.* (permitting intervention because "[t]he insurers' interests are neither protected nor adequately represented in this litigation.").

Tribl Music Group is a separate legal entity, with all the attendant corporate formalities and protections, from all of the corporate Defendants. Contrary to Plaintiffs' arguments raised in response to the Defendants' *Motion to Dismiss*, the mere fact that Tribl Music Group shares common management or shareholders with other companies does not deprive it of its independence. *Pak-Tec, Inc. v. Imaje Ink Jet Printing Corp.*, No. 1:03-CV-1249-TWT, 2005 U.S. Dist. LEXIS 57849, at *6, 2005 WL 8154327, at *3 (N.D. Ga. Oct. 21, 2005); *see also Ralls Corp. v. Huerfano River Wind, LLC*, 27 F. Supp. 3d 1303, 1328 (N.D. Ga. 2014). Because each of the corporate Defendants is an independent company, none of them can step in to act on behalf of or defend Tribl Music Group's rights under the Deal Memo. Likewise, although Mr. Gyamfi is a co-founder of Tribl Music Group and signed the Deal

Memo in his capacity as an authorized signatory for that entity, he is not a party to the Deal Memo in his individual capacity and is not a proper substitute for the actual counter-party, Tribl Music Group.

"[U]nder Georgia law, it is a fundamental principle that each corporation is a separate entity, distinct and apart from its stockholders, and it is also fundamental that a person who is not a party to a contract (i.e., is not named in the contract and has not executed it) is not bound by its terms." *Anderson v. Am. Family Ins. Co.*, No. 5:15-CV-475 (MTT), 2016 U.S. Dist. LEXIS 84186, at *16 (M.D. Ga. June 29, 2016) (quoting *Plaza Props., Ltd. v. Prime Bus. Invs., Inc.*, 240 Ga. App. 639, 642, 524 S.E.2d 306, 309 (Ga. App. 1999) (cleaned up)). The only way to fully adjudicate Plaintiffs' breach of contract claims, Tribl Music Group's *Complaint in Intervention* related to Plaintiffs' own breaches of contract, and determine the appropriate breach of contract remedies under the Deal Memo is to permit Tribl Music Group to intervene.

## B.    In the Alternative, Tribl Music Group Should Be Allowed Permissive Intervention Under Fed. R. Civ. P. 24(b)(3)

Alternatively, the Court should permit Tribl Music Group to intervene under the permissive intervention standard. *See* Fed. R. Civ. P. 24(b)(3). Courts allow parties to intervene permissively where a party has an interest in the pending litigation "sufficient to support a legal claim or defense." *Laube v. Campbell*, 215 F.R.D. 655, 659 (N.D. Ala. 2003) (quoting *Diamond v. Charles*, 476 U.S. 54, 77

(1986)). In deciding whether to allow permissive intervention, a court also "consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Thus, courts ask two questions when considering whether to allow permissive intervention: (i) does the applicant's claim or defense and the main action have a common question of law or fact?; and (ii) should intervention be allowed in light of any potential undue delay or prejudice to the existing parties? Here, the answers are both "yes."

*First*, as explained above, common questions of fact and law exist regarding the meaning and enforceability of the Deal Memo and whether the Plaintiffs sued the appropriate party. The Plaintiffs' claims involve wholly common issues of fact and law as those raised in the proffered *Complaint in Intervention* by Tribl Music Group and resolving the issues once in a unified case minimizes the risk of inconsistent rulings or prejudice to any party.

Second, as discussed, there is no risk of undue delay or prejudice to the existing parties. Adding Tribl Music Group to the case at this early stage—long before substantive discovery has been conducted—propels all aspects of this case forward efficiently and avoids any potential future delay from a subsequent choice by Plaintiffs to include it as a defendant.

## <u>CONCLUSION</u>

The Court should permit Tribl Music Group to intervene to address its substantive rights in the Deal Memo, and order that the attached *Complaint in Intervention* be filed on the docket.

<u>Dated</u>: January 27, 2026                Respectfully Submitted,

**REED SMITH LLP**
<u>/s/ *Adria Perez*</u>
Adria Perez
Georgia Bar No. 141306
Reed Smith LLP
999 Peachtree Street NE
Suite 2500
Atlanta, Georgia 30339
(470) 947-5800

*Attorneys for Defendants and Intervenor Tribl Music Group, LLC*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

This 27th day of January, 2026.

*/s/ Adria Perez*
Adria Perez

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2026, a copy of the foregoing

**APPLICATION TO INTERVENE** was electronically filed with the Clerk of the

United States District Court for the Northern District of Georgia using the CM/ECF

system, and that the same was served via the CM/ECF system to counsel of record:

Anne H. Baroody
Promenade Tower
1230 Peachtree Street NE, 21st Floor
Atlanta, Georgia 30309
abaroody@bradley.com

Samuel D. Lipshie
Charles E. Elder
Dawn M. Jackson
1221 Broadway, Suite 2400
Nashville, TN 37203
slipshie@bradley.com
celder@bradley.com
djackson@bradley.com

*Counsel for Plaintiffs Chandler Moore and
MoWorks, LLC*

/s/ *Adria Perez*
Adria Perez

15