IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHANDLER MOORE and MOWORKS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NORMAN GYAMFI, , et al., <br><br> Defendants. <br><br>――――――――――――― <br><br> MAVERICK CITY MUSIC, INC. and MAVERICK CITY PUBLISHING, LLC <br> Counter-Plaintiffs, <br><br> v. <br><br> CHANDLER MOORE, <br><br> Counter-Defendant. | Civil Action File No. <br> 1:25-CV-05635-SEG |

### DECLARATION OF KEVIN KOOKOGEY

I, Kevin Kookogey, pursuant to 28 U.S.C. § 1746 and in support of Plaintiffs' Memorandum in Opposition to the Motion for a Temporary Restraining Order and Preliminary Injunction (the "Response"), declare as follows:

1. I am an attorney based in Franklin, Tennessee, and I have been Plaintiff Chandler Moore's music business attorney since Spring of 2024. Unless expressly stated otherwise, I have personal knowledge of the facts contained herein.

2. In October of 2024, I prepared an Amendment to the Deal Memo incorporating proposed changes to the Deal Memo which had been discussed between and among Norman Gyamfi and Moore's representatives to address Gyamfi's claim that he was unable to secure three (3) studio masters for inclusion on a "deluxe edition" of an album that Moore had recorded in satisfaction of his recording commitment under the Deal Memo. Weeks later, Mr. Gaines sent a response to the proposed Amendment, proposing new and unacceptable terms. Negotiations on the proposed Amendment ended at that point, and no deluxe edition was, to my knowledge, ever released.

3. On several occasions in 2024 and 2025, I spoke to and/or corresponded via email with EJ Gaines concerning the overall poor communication and absence of reliable information from Tribl; the withholding of Moore's publishing royalties despite a customary "no cross-collateralization" clause in the Deal Memo; and the complete absence of any accountings to Moore from Tribl under the Deal Memo.

4. Specifically, on March 10, 2025, I emailed Mr. Gaines asking, among other things, for copies of all existing agreements between Tribl and Moore, including the purported prior publishing agreement referenced in the Deal Memo. I

also requested that Mr. Gaines provide evidence of whether any accountings had ever been made to Moore, at any time during his relationship with Tribl, including, without limitation, under the Deal Memo, and if so, to please send them. A true and accurate copy of my email response is attached hereto as **Exhibit A.**

5. On March 25, 2025, I asked Mr. Gaines again about the lack of any accounting statements for Moore under the Deal Memo, in particular, and again requested that Tribl provide the past-due accountings.

6. The next day, on March 26, 2025, out of the blue, with no previous indication from Mr. Gaines or anyone at Tribl of any failure by Moore to fulfill his obligations under the Deal Memo, Mr. Gaines emailed a Notice of Breach letter asserting Moore's alleged failure to fulfill his recording obligations under the Deal Memo, despite Moore having already recorded eleven (11) songs in May 2024 in satisfaction of his recording commitment under the Deal Memo.

7. On March 27, 2025, I sent Mr. Gaines an email responding to the Notice of Breach, pointing out its lack of merit and dubious timing, and again requesting accurate and timely accounting records, which had still not been sent. A true and accurate copy of my email response is attached hereto as **Exhibit B.**

8. Following receipt of my email on March 27, 2025, Mr. Gaines and I spoke by telephone, wherein Mr. Gaines thanked me for acknowledging in my email that he was just doing his job, going on to confess that he had advised Mr. Gyamfi

against the advisability of Tribl sending the Notice of Breach as a response to our demands for accountings. Mr. Gaines admitted to me that the Notice of Breach was unwarranted under the circumstances.

I declare under penalty of perjury under the laws of the United States of America and the State of Georgia that the foregoing is true and correct.

February 2, 2026                                  Kevin Kookogey

# EXHIBIT A

**From:** Kevin Kookogey <kevin@kookogey.com>
**Subject: Re: Chandler Moore x TRIBL Deal Memo**
**Date:** March 10, 2025 at 3:54:23 PM CDT
**To:** Gaines EJ <EJ@insigniacollab.com>
**Cc:** Markel Ringer <markel@moworksent.com>

Correction - Norman had taken the position that Chandler's deal WAS cross-collateralized, which is clearly in contradiction of what the Deal Memo says. Thx.

On Mar 10, 2025, at 3:52 PM, Kevin Kookogey <kevin@kookogey.com> wrote:

Hi EJ - hope you are well.

Can you please send me a signed copy of Chandler's prior publishing agreement (the one referenced in the below April 2024 Deal Memo as the "prior publishing agreement")?

Also, can you advise whether there are any other agreements between Chandler and TRIBL et al?

I am trying to get a better picture of Chandler's commitments to TRBL and/or any other companies of Norman's, and all I have is the below referenced Deal Memo.

BTW, I was copied on an exchange between Norman and Markel earlier today, wherein Norman had taken the position that Chandler's deal was not cross-collaterlaized, which is contrary to the specific provisions of the Deal Memo. Is there another agreement to which Norman was referring?

Finally, have there been any accountings sent to Chandler under the Deal Memo or any prior agreements?

Thanks in advance for your help. Let me know if you have any questions.

Kevin Kookogey

# EXHIBIT B

**From:** Kevin Kookogey <kevin@kookogey.com>
**Subject: Re: Breach of Contract - MoWorks/Chandler Moore - Official Notice**
**Date:** March 27, 2025 at 10:42:56 AM CDT
**To:** ej@insigniacollab.com
**Cc:** Markel Ringer <markel@moworksent.com>, Chandler Moore <chan@moworksent.com>

Hi EJ - I can appreciate your professional obligations, so I know you are just doing your job here. But....

In light of your claim on our phone call two days ago to have been "surprised" and "alarmed" that my clients would be bothered by the radio silence from TRIBL and the lack of any response to our request for basic information from TRIBL on March 10, 2025, and further due to (a) our recently expressed concerns about Norman's loose interpretation of his rights and duties under the Deal Memo; (b) our request for past-due accountings from TRIBL which have yet to be provided; and (c) the well-documented record and transparent discussions between and among Norman, Markel, Chandler, you, and my office from time to time over the past several months concerning the change in circumstances, preferences, and alternate ideas governing the delivery of Masters which you now claim constitute a breach by Chandler, we found the timing of this sudden Notice of Breach.....interesting. :)

In any event, while this shot across the bow from Norman has missed the mark, we will forward this to litigation counsel, who, in good time, will return fire and not miss.

In the interim, we are still in need of the requested accountings, the "prior publishing agreement" and any other agreements between TRIBL and Chandler that you believe are relevant or applicable to the alleged dispute. As indicated in my prior correspondence and our telephone call 2 days ago, I only have in my possession the Deal Memo to which you refer in your allegation of breach, below.

All rights reserved. And I do hope you are feeling better.

Kind regards,
Kevin Kookogey


On Mar 26, 2025, at 9:52 PM, EJ Gaines <ej@insigniacollab.com> wrote:

Hello Kevin—

Please see the attached letter sent on behalf of Tribl Records.

Best,
EJ

--
**EJ Gaines**
Chief Strategy Officer, Insignia
c: (917) 447-4405